John A. Kawai, SBN 260120
TRIAL LAWYERS FOR JUSTICE
548 Market Street, PMB 66906
San Francisco, CA 94104-5401
Tel.: 310-855-3727
Fax: 310-855-3595
jk@tl4j.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," CHRISTOPHER MARCHESE, Conservator for "SIERRA", "JANE DOE" as court appointed conservator for "SKYLAR" a minor, "MAUREEN," WILLIAM L.E DUSSAULT as Guardian ad Litem for "VIOLET," minor, "JANE ROE," as next friend for "PIA," a minor, "MYA," "AVA," "FIONA," "JENNY," "MARY DOE" as next friend for "ANNA, a minor" and "APRIL". | Case No: 3:21-cv-09907 <br><br> COMPLAINT <br><br> Jury Trial Demanded |
| Plaintiffs, | |
| v. | |
| EUGENE EDWARD JUNG, | |
| Defendant. | |

The Plaintiffs, on their own behalf and by their corresponding next friends, conservators and Guardian ad Litem as indicated, and through their attorney of record John A. Kawai of Trial Lawyers for Justice allege for their complaint as follows:

COMPLAINT - 1

**NATURE OF THE ACTION**

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statute 18 U.S.C. §§ 2252 (a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252 (a)(2) and (b)(1).

2. 18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

**PARTIES**

1. "Lily" is currently an adult and resides outside the state of California.

2. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

3. "Sarah" is currently an adult and resides outside the state of California.

4. "Sarah" is the pseudonym for the victim depicted in the Marineland1 child pornography series.

5. Christopher Marchese is the court appointed Conservator for "Sierra" who is currently a protected person and resides outside the state of California.

6. "Sierra" is the pseudonym for the victim depicted in the Jan_Socks1 child pornography series.

7. Jane Doe is a pseudonym for "Skylar's" mother who was appointed by her local court as Conservator for "Skylar." Skylar is a minor and resides outside the state of California.

8. "Skylar" is a pseudonym for a victim depicted in the Jan_Socks3 child pornography series.

9. "Maureen" is an adult and resides outside the state of California.

COMPLAINT - 2

10. "Maureen" is a pseudonym for a victim depicted in the Lighthouse1 child pornography series.

11. William L.E. Dussault is an attorney licensed in the States of Washington and Colorado who been appointed Guardian ad Litem for "Violet." Violet is a minor and resides outside of California.

12. "Violet" is a pseudonym for the victim depicted in the At School child pornography series.

13. Jane Roe is a pseudonym for "Pia's" mother who acts as Next Friend for "Pia" who is a minor and reside outside the state of California.

14. "Pia" is a pseudonym for a victim depicted in the Sweet White Sugar child pornography series.

15. "Mya" is an adult and resides outside the state of California.

16. "Mya" is a pseudonym for a victim depicted in the Sweet Pink Sugar child pornography series.

17. "Ava" is an adult and resides outside of the state of California.

18. "Ava" is a pseudonym for the victim depicted in the Sweet Purple Sugar child pornography series.

19. "Fiona" is an adult and resides outside the state of California.

20. "Fiona" is a pseudonym for a victim depicted in BluesPink1 child pornography series.

21. "Jenny" is an adult and resides outside the state of California.

22. "Jenny" is a pseudonym for the victim of the Jenny child pornography series.

23. Mary Doe is a pseudonym for "Anna's" mother who acts as Next Friend for "Anna." Anna is a minor and resides outside the state of California.

COMPLAINT - 3

24. "Anna" is a pseudonym for the victim of the Middle Model Sister child pornography series.

25. "April" is an adult and resides outside the state of California.

26. "April" is a pseudonym for the victim of the AprilBlonde child pornography series.

27. Each of the plaintiffs is a person who was sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from defendant's possession.

28. The Defendant is an adult currently in the custody of the United States Bureau of Prisons believed to be at WXR – Lompoc FCI, Lompoc, California.

29. On information and belief, the defendant resided in this district at the time of his offense and prior to his incarceration.

## JURISDICTION AND VENUE

30. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

31. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

### The Defendant Was Convicted of Possession of Child Pornography in Violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

32. Defendant was charged in the United States District Court, Northern District of California, in the matter denominated *United States v. Eugene Edward Jung,* NDCA Case No. CR 18-cr-00482-VC-1, with the crime of Possession of Child Pornography in violation of 18 USC §§ 2252(a)(4)(B) and (b)(2) . This crime was alleged to have been committed on or about June 15, 2018.

COMPLAINT - 4

33. On December 17, 2019, Defendant pleaded guilty to possession of child pornography as charged and was sentenced with a judgment entered against him on June 25, 2021.

34. As a part of sentencing, on May 5, 2021, Defendant and the Government entered into a stipulation in which Defendant expressly acknowledged that Plaintiffs were victims of Defendant's crime and therefore entitled to restitution under relevant statutes. This stipulation required Defendant to pay restitution to each of the Plaintiffs in this case. The Court, in its judgment entered June 25, 2021 ordered Defendant to pay restitution as set forth in the stipulation.

### Plaintiffs are Victims of Defendant's Crime of Possession of Child Pornography.

35. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies.

38. On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report.

39. On November 2, 2018 Plaintiffs first received notice from VNS that their child pornography images were among those possessed by Defendant in violation of federal child pornography law

### CLAIM FOR RELIEF
### 18 U.S.C. § 2255(a)

40. The Plaintiffs repeat and re–allege all prior paragraphs.

41. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252(a)(4)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in

COMPLAINT - 5

the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

42. The Defendant pleaded guilty to the predicate federal child pornography crime found at 18 U.S.C. § 2252(a)(4)(B).

43. 18 U.S.C. § 2252(a)(4)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or which was produced using material which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

44. Each Plaintiff is a victim of Defendant's violation of 18 U.S.C. § 2252(a)(4)(B).

45. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

46. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

47. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

48. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

49. Litigation costs pursuant to 18 U.S.C. § 2255(a);

50. Pre-judgment and post-judgment interest;

51. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated this 21st day of December, 2021.

                        TRIAL LAWYERS FOR JUSTICE

                        By  s/ John A. Kawai
                        John A. Kawai, SBN 260120
                        548 Market Street, PMB 66906
                        San Francisco, CA. 94104-5401
                        Phone: 310-855-3727
                        Email:  jk@tl4j.com

COMPLAINT - 7